United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSTX CORPORATION, | No. C 02-04483 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| SECURE DATA MOTION, INC. d/b/a/ SIGABA, | |
| Defendant. / | |
| AND RELATED COUNTER-CLAIMS. / | |

On February 7, 2006, the Court held a final pretrial conference in the above captioned matter, which is now set for jury trial beginning March 1, 2006. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted separate sets of contested instructions. No later than **Monday, February 27, 2006**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the

order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before February 27, 2006.

4. **Trial exhibits**: No later than February 27, 2006, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimate that the trial should take 8 days. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 14 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed 20 motions in limine. Five of these motions (PostX's motions 2 through 5 and Sigaba's motion 4) were decided by order dated January 18, 2006, Docket # 1001. The remaining motions are as follows:

    A.    **PostX motions**:

        1.    **PostX motion No. 1, to preclude any reliance on the report and**

2

**testimony of Dr. F. Warren Boulton:** DENIED. PostX challenges Dr. Warren-Boulton's application of various statistical and economic forecasting models in connection with his damage analysis. PostX complains both that the damage analysis was premised on Sigaba's federal antitrust claims and has not been adequately modified to reflect the remaining Lanham Act and unfair competition claims which will actually go to trial; and that the analysis itself is "junk science" because it is an improper adaptation of "the Bass Model, a landmark economic forecasting model with a 36-year history of use, study and reliability." PostX has submitted a declaration of Professors Portia and Frank Bass in support of this position. Sigaba responds, and the Court agrees, that PostX's challenges to Dr. Warren Boulton's analysis go to its weight and reliability, not to its admissibility. Vigorous cross-examination will be adequate to illuminate the differences and similarities between the Warren Boulton analysis and the Bass Model. No evidentiary hearing is required.

2.  **PostX motion No. 6 to exclude testimony by Messrs. Cook and Suplee**: GRANTED. PostX seeks to exclude testimony of two experts whose reports dealt only with the question whether PostX's patent infringement litigation was a "sham" as defined in *Professional Real Estate Investors, Inc. v. Columbia Pictures Ind., Inc*., 508 U.S. 49 (1993). That issue has been decided by the Court. The Court found that the patent infringement action was not objectively meritless, as Mr. Suplee had urged and as Mr. Cook assumed as a basis for his opinions on subjective meritlessness. That question will not be decided by the jury, making the testimony of these witnesses irrelevant, confusing and prejudicial.

3.  **PostX motion No. 7 "to preclude Sigaba from providing false information to the trier of fact"**: GRANTED. The specific "false information" this motion addresses is whether and to what extent PostX consulted counsel prior to filing the patent lawsuit. As drafted, the motion seeks an order precluding Sigaba from "falsely advising the trier of fact that (1) PostX did not consult with counsel before filing suit, or (2) had PostX done so, counsel would have advised PostX that it could not succeed in this lawsuit." For the reasons outlined concerning motion No. 6 above, the

adequacy of PostX's prefiling review is not relevant.

4. **PostX motion No. 8 re discrete issues:** (A) to preclude reference - DENIED without prejudice to specific objections at trial; (B) to preclude references to "sham litigation" - DENIED; (C) to limit expert testimony to opinions disclosed in expert report - GRANTED; (D) to exclude witnesses from courtroom - GRANTED as to lay witnesses only; (E) to limit the number of party representatives at trial - GRANTED, but limited to 1 witness.

5. **PostX motion No. 9 to "exclude inadmissible, irrelevant and prejudicial character evidence"**: Upon appropriate objection, inadmissible, irrelevant and prejudicial evidence, including character evidence of that sort, will be excluded. This motion must be DENIED, however, because it is too general to grant. This denial is without prejudice to specific objections at trial to specific documents or questions.

6. **PostX motion No. 10 "to exclude irrelevant, hearsay and speculative statements regarding alleged damages":** Upon appropriate objection, irrelevant, hearsay and speculative statements, including damage evidence of that sort, will be excluded. This motion must be DENIED, however, because it is too general to grant. This denial is without prejudice to specific objections at trial to specific documents or questions.

7. **PostX motion No. 11 "to exclude evidence of the fact or amount of Sigaba's attorneys' fees"**: GRANTED. Sigaba agrees that fee questions, including entitlement and amount, will be decided by the Court at a later time.

8. **PostX motion No. 12 "to exclude irrelevant and prejudicial evidence relating to the PostX workplace":** Upon appropriate objection, irrelevant and prejudicial evidence, including evidence of that sort relating to the PostX workplace, will be excluded. This motion must be

4

1  DENIED, however, because it is too general to grant. Counsel did agree at the pretrial conference to
2  avoid use of examples of crude workplace language or behavior, related to either workplace, simply for
3  shock value. This denial is without prejudice to specific objections at trial to specific documents or
4  questions.

6        B.      **Sigaba motions**:

7        1.      **Sigaba motion No. 1, to "preclude PostX from offering requested**
8  **documents or other evidence that were not produced in discovery":** In general, documents properly
9  called for in pretrial discovery but not produced may not be used at trial. This motion, however, must
10 be DENIED, because it is too general to be granted. The specific "example" mentioned in the motion
11 – documents having to do with the patent lawsuit press release – does not appear to be a live issue, as
12 PostX asserts that it does not have any such documents. This denial is without prejudice to specific
13 objections at trial to specific documents or questions.

15       2.      **Sigaba motion No. 2 "to preclude PostX from introducing evidence**
16 **concerning to unrelated litigation"**: DENIED, without prejudice to specific objections to specific
17 questions at trial.

19       3.      **Sigaba motion No. 3 "to preclude PostX from offering evidence of**
20 **purported racial animus"**: GRANTED, as to racial animus; no reference to or evidence of same shall
21 be presented absent prior offer of proof. However, the Court does not view the puerile "clip-art"
22 caricature to suggest racial animus.

24       4.      **Sigaba motion No. 5 "to preclude defendant [actually plaintiff] from**
25 **offering testimony by Portia and/or Frank Bass at trial":** DENIED. Based on all the circumstances
26 of this case, including the seven month lead time provided by PostX to Sigaba on this issue and the
27 significance of this rebuttal evidence, the Court will allow testimony by one or the other of the Basses

provided that the testifying professor is made available for deposition prior to trial.

     5.    **Sigaba's motions No. 7 and 7 are WITHDRAWN**.

     6.    **Sigaba motion No. 8 "to preclude PostX from offering evidence relating to Sigaba's repurposing of hard drive"**: DENIED, without prejudice to specific objections to specific questions at trial.

     8.    **Alignment of parties**: The parties dispute who gets to be plaintiff. The Court rules that plaintiff PostX gets to be plaintiff.

**IT IS SO ORDERED.**

Dated: February 9, 2006

_____
SUSAN ILLSTON
United States District Judge